IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02530-WYD-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALLEN R. DAVISON,

    Defendant.


BILL REED,

    Movant.

---

**ORDER ON MOTION TO QUASH**

---

Before the Court is Bill Reed's Motion to Quash Subpoena Duces Tecum [docket #1] and the United States' Motion for Leave to File Surreply [docket # 10]. The matters are fully briefed and have been referred to this Court for disposition [docket #2]. Oral argument would not materially assist the Court in adjudicating the motions. For the reasons stated below, the Court **grants** the motion for leave to file surreply and **denies** the motion to quash.

**I.    Background**

According to the movant, the United States has sued Allen Davison in the Western District of Missouri seeking an injunction permanently barring him from giving tax advice or representing clients before the Internal Revenue Service. In the course of the litigation, the United States served upon Bill Reed, a witness named for the defense and resident of Colorado, a subpoena for deposition and production of documents.

Mr. Reed then filed the within motion to quash, arguing that the subpoena is overbroad, burdensome, requires an insufficient time for compliance and seeks privileged information. The Government has responded claiming that the motion to quash is untimely and that the subpoena is proper in its scope and content. In support of his reply to the response, Reed submitted two affidavits in which he and his attorney testify as to the time of service of the subpoena and the relationship between Reed and Davison. Due to the filing of the affidavits and new arguments within, the Government moved for leave to file a surreply. The motions are now ripe for adjudication.

## II. Discussion

### A. Motion for Leave to File Surreply

When a party puts forth new arguments in a reply brief, a court may avoid error by either: (1) choosing not to rely on the new arguments in determining the outcome of the motion; or (2) permitting the nonmoving party to file a surreply. *Pippin v. Burlington Res. Oil & Gas Co.,* 440 F.3d 1186, 1192 (10th Cir. 2006) (citing *Beaird v. Seagate Tech.,* 145 F.3d 1159, 1164-65 (10th Cir. 1998)).

Here, Reed attached to his reply brief, in support of his arguments, two affidavits executed by himself and his attorney. The Court finds the affidavits constitute new evidence and hereby grants the Government's motion for leave to file surreply.

### B. Motion to Quash

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties by subpoena. Rule 45 requires that the recipient of a subpoena "timely" file a motion to quash or modify the subpoena if it (1) fails to allow a reasonable time to comply, (2) requires disclosure of

privileged or other protected matter, or (3) subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A) (2008). Reed brings his motion pursuant to Rule 45(c)(3)(A).

Courts must interpret statutes and rules of procedure based on their plain language. *United States v. Ceballos-Martinez*, 371 F.3d 713, 716 (10th Cir. 2004). Rule 45(c)(2)(B) states, in pertinent part,

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. *The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.*

Fed. R. Civ. P. 45(c)(2)(B) (2008) (emphasis added). The word "must" in the rule plainly reflects that any written objections to a subpoena are *required* to be filed within the time specified for compliance or within fourteen days after service, whichever is earlier.

Here, the parties agree that the time required within which to object to the subpoena at issue in this case was fourteen days after it was served. The Government argues that Reed's motion is untimely because the subpoena was filed *fifteen* days after it was served on November 5, 2008. Reed responds, by affidavit, that the subpoena was served on November 6, 2008 and, therefore, the motion is timely. However, the Government offered documentary evidence reflecting that the process server not only had the proof of service notarized on November 5, 2008, but also emailed the proof of service to the Government on November 5, 2008. Therefore, the Court finds that the subpoena was served November 5, 2008. Pursuant to the requirement of Rule 45(c)(2)(B), the motion is, therefore, untimely, and Reed's objections are waived. *See Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990).

Some courts have recognized that, "in unusual circumstances and for good cause, the failure

3

to act timely may not bar consideration of objections." *American Elec. Power Co. v. U.S.*, 191 F.R.D. 132, 136-37 (S.D. Ohio 1999); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)). Such unusual circumstances have been found where "(1) the subpoena is overbroad on its face and exceeded the bounds of fair discovery, (2) the subpoenaed witness is a non-party acting in good faith, and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *American Elec.*, 191 F.R.D. at 137; *Concord Boat*, 169 F.R.D. at 48.

The Court has found no case in this jurisdiction in which the court recognizes these exceptions to waiver for untimeliness. However, even if our courts recognized the exception, the necessary "unusual circumstances" do not exist in this case. First, although Mr. Reed is a non-party to the litigation between the plaintiff United States and defendant Allen Davison, he has been named as a witness in support of the defense, but failed to disclose that in his motion.[1] The Court has insufficient information to determine whether Reed is acting in good faith in this matter. Second, there is no indication by either party that Reed objected to the subpoena, or that Reed and the Government were in contact in any way regarding the content of the subpoena, prior to the filing of the motion to quash.[2]

Finally, the Court finds that the subpoena is not facially overbroad; in Mr. Davison's witness disclosures, Reed was identified as a "recognized expert in livestock production" who is a "long time client of the defendant" and who has information regarding "the poultry industry" and the

---

[1] Reed contends that he "has no interest in the outcome of this case," and that the subpoena is "an overly broad, over-burdensome, fishing expedition of the worst magnitude, issued by Plaintiff to intimidate, harass and coerce testimony form (sic) Mr. Davison's former clients." Motion at 2.

[2] Apparently, Reed's attorney contacted the Government in September 2007 to inform the Government that a subpoena had been mistakenly served on Reed in Nebraska, as opposed to Colorado.

"defendant's character." Under the circumstances, the four requests for production issued to Bill Reed, a resident of Colorado, for non-privileged documents over which he has the proper degree of control (*see Echostar Commc'ns Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 396 (D. Colo. 1998)) appear reasonably calculated to lead to the discovery of admissible evidence.

## CONCLUSION

Accordingly, for the reasons stated above, the Court ORDERS that Bill Reed's Motion to Quash Subpoena Duces Tecum [filed November 20, 2008; docket #1] is **denied**, and the United States' Motion for Leave to File Surreply [filed December 19, 2008; docket #10] is **granted**. The deadline set forth in the subpoena for production of documents shall be 30 days from the date of this Order.

Dated at Denver, Colorado this 27th day of January, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge